IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KEVIN O'NEIL,<br><br>    Plaintiff,<br>v.<br><br>THE BURTON GROUP,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:09-CV-862 DBP<br><br>Magistrate Judge Dustin B. Pead |

## I. INTRODUCTION

This action is before the Court pursuant to 28 U. S. C. § 636(c). Before the Court is Defendant's ("Burton's") motion to compel Plaintiff's ("Mr. O'Neil's") deposition, as well as Burton's request for sanctions. (Docket No. 32.) On November 13, 2012, the Court heard oral argument on the motion. At argument, counsel for both parties indicated a willingness to participate in a settlement conference.

Accordingly, the Court ORDERS that this case be set for a settlement conference as outlined below. Moreover, the Court finds good cause shown by Burton, and accordingly GRANTS the Motion to Compel. (Docket No. 32.) If the settlement conference proves unsuccessful, Mr. O'Neil is ORDERED, as outlined below, to appear for a deposition in Salt Lake City, Utah. At this time, the Court DENIES Burton's request for sanctions. (*Id.*) In lieu of sanctions, the Court ORDERS Mr. O'Neil to pay Burton's reasonable expenses, as outlined below.

## II. DEFENDANT'S MOTION TO COMPEL & FOR SANCTIONS

### A. Standard of Review for Motion to Compel & Sanctions

Under Fed. R. Civ. P. 37(a)(3)(B)(i), a party may file a motion to compel discovery where a deponent fails to answer an oral deposition question.  If the court grants the motion, it must, after giving an opportunity to be heard, require the deponent, party, and/or advising attorney whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  Fed. R. Civ. P. 37(a)(5)(A).[1]

Moreover, under Fed. R. Civ. P. 37(d)(1)(A)(i), a court "may" order sanctions against a party who fails, after being served with proper notice, to appear for that person's deposition.  In addition to, or instead of sanctions, the Court must require the party who failed to appear and/or the attorney advising that party, to pay the reasonable expenses, including attorney's fees, caused by their failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.  *Id.* 37(d)(3).

### B. Analysis of Defendant's Motion to Compel & For Sanctions

On September 24, 2009, Mr. O'Neil, who resides in California, filed a complaint against Burton in this Court, which sits in Utah.  (Docket No. 2.)  Between February 22, 2012, and May 29, 2012, Burton corresponded with Mr. O'Neil's counsel numerous times to schedule Mr. O'Neil's deposition in Salt Lake City, Utah.  (Docket No. 34.)  Other than conveying his desire not to travel to Utah, Mr. O'Neil failed to provide information about his availability for deposition.  (*Id.*)

---

[1] A court must not order expenses where the movant who filed the motion to compel failed to confer with the other side in good faith prior to filing the motion.  Fed. R. Civ. P. 37(5)(A)(i). Similarly, expenses must not be awarded where the opposing party's misconduct was "substantially justified" or "other circumstances make an award of expenses unjust."  *Id.* 37(5)(A)(ii)-(iii).

Pursuant to Fed. R. Civ. P. 30, on May 29, 2012, Burton served Mr. O'Neil's counsel a notice of deposition specifying that Burton would depose Mr. O'Neil at 9:00 a.m., on July 11, 2012, in the office of Ray Quinney & Nebeker in Salt Lake City, Utah. (*Id.* at 2.) Burton also sent Mr. O'Neil's counsel a letter urging counsel to contact Burton as soon as possible if the proposed deposition date was not convenient. (*Id.*)

Between May 29, 2012 and July 11, 2012, Mr. O'Neil failed to file a motion for protective order to prevent his deposition. (Docket No. 33 at 4.) He failed to appear at his scheduled deposition on July 11, 2012. (*Id.*)

On August 23, 2012, Burton filed the current motion to compel Mr. O'Neil's deposition and for sanctions. (Docket No. 32.) On September 10, 2012, Mr. O'Neil's counsel filed a declaration in response to Burton's motion. (Docket No. 37.) In it, Plaintiff's counsel does not object to any of Burton's arguments in favor of requesting Mr. O'Neil's live deposition in Salt Lake City, Utah. Rather, Plaintiff's counsel notes his efforts to convince Mr. O'Neil to attend the deposition, and Plaintiff's refusal to travel to Utah for the deposition "because of financial constraints." (*Id.* at 3-6.) Plaintiff's counsel also reiterates his own serious health issues, and the differences of opinion he developed with Mr. O'Neil regarding Mr. O'Neil's claims. (*Id.* at 2.)

While Fed. R. Civ. P. 30 does not dictate the location of a deposition, in general, a trial court "has great discretion in establishing the time and place of a deposition." *Standard Metals Corp.* 817 F. 2d 625, 628 (10th Cir. 1987). As such, the examining party may set the place for deposition, subject to the court's power to designate a different location through a protective order under Fed. R. Civ. P. 26(c)(2).

Usually, the party noticing the deposition has the right to choose its location. *See Riley v. Murdock*, 156 F. R.D. 130, 132 (E. D. N. C. 1994). Moreover, where the party deposed is the plaintiff, a deposition is generally appropriate in the district in which suit was brought because the

plaintiff selected that forum.  *See Shockey v. Huhtamaki, Inc.*, 280 F.R.D. 598, 600 (D. Kan. 2012); *Clem v. Allied Van Lines Int'l Corp.*, 102 F.R.D. 938, 939 (S.D. N.Y. 1984); *W.H. Brady Co. v. Dorman-Bogdonoff Corp.*, 36 Fed. R. Serv. 2d 307, 207 (D. Mass. 1982); *Detweiler Bros., Inc. v. John Graham & Co.*, 412 F. Supp. 416, 422 (E. D. Wash.1976).

After reviewing the law and evidence in this case, the Court GRANTS Burton's motion to compel Mr. O'Neil's deposition.  (Docket No. 32.)   Not only did Burton choose Utah as the deposition location, but Mr. O'Neil chose to file his suit in the District of Utah.   Therefore, if the parties' settlement conference proves unsuccessful, the Court ORDERS Mr. O'Neil to appear for an in-person deposition as outlined below.

The Court will DENY Burton's request for sanctions at this time, but if Mr. O'Neil continues to fail to cooperate, the Court will entertain another motion for sanctions, including the dismissal of Mr. O'Neil's case pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v).   In lieu of sanctions, the Court ORDERS Mr. O'Neil to pay Burton's reasonable attorney's fees and costs incurred in scheduling the deposition, and bringing the motion to compel.   The Court does not find Mr. O'Neil's refusal to attend the deposition because of financial constraint is substantially justified. He chose to file suit in the District of Utah and should have anticipated his presence in the forum would be necessary.

## III.   SETTLEMENT CONFERENCE ORDER

IT IS HEREBY ORDERED:

This case is set for a settlement conference before Magistrate Judge Brooke C. Wells, on Thursday, December 13, 2012, from 9:30 a. m. to 12:00 p.m.   The parties will convene in Courtroom No. 436 prior to the settlement conference which will be held in the ADR Suite, Room 405, at the U.S. District Courthouse, 350 South Main Street, Salt Lake City, Utah.

**Participation of Parties:** The litigants are required to be personally present along with counsel if so represented.[2]  ***Counsel is required to have full and final settlement authority.   A litigant with complete settlement authority must be physically present and participate in the settlement conference for the entire time period.***

**Case Status Report:** Counsel shall meet and confer, and on or before **December 6, 2012**, the parties shall deliver an agreed **case status report** directly to Magistrate Judge Wells. **Copies of the case status report shall not be filed with the Clerk of the Court**.   The agreed case status report shall include the following:

1. A brief statement of the facts of the case;
2. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded, and relief sought;
3. A brief statement of the facts and issues upon which the parties agree and a description of the major issues in dispute; and
4. A summary of relevant proceedings to date including rulings on motions, such as summary judgment motions and a summary of any pending motions.

**Confidential, Settlement Statement:** By the close of business on **December 6, 2012**, each party shall separately lodge with Magistrate Judge Wells a **confidential settlement statement** including:

1. A forthright evaluation of the party's likelihood of prevailing on the claims and defenses;
2. An estimate of the cost and time to be expended for further discovery, pretrial and trial;
3. Identification of any discrete issues which, if resolved, would aid in the settlement of the case;

---

[2]  Any exceptions to this requirement must be cleared with Magistrate Judge Wells at least 20 days in advance of the settlement conference.

4. The party's position on settlement, including present demands and offers and history of past settlement discussions, offers and demands; and

5. An honest estimate of the likelihood of settling the matter.

The **confidential settlement statement** should be delivered directly to Magistrate Judge Wells.   Copies of the confidential settlement statement **shall not be filed with the Clerk of the Court, nor served upon the other parties or counsel**.   The Court and its personnel shall not permit other parties or counsel to have access to these **confidential settlement statements.**

**Confidentiality:** No report of proceedings, including any statement made by a party, attorney, or other participants in the settlement conference may be reported, recorded, placed in evidence, made known to the trial court or jury, or construed for any purpose as an admission unless otherwise discoverable.   Pursuant to DUCivR 16-3(d), a written report for the purposes of informing the referring judge whether or not the dispute has been settled is the only permissible communication allowed with regard to the settlement conference.   No party will be bound by anything agreed upon or spoken at the settlement conference except as provided in a written settlement agreement.   No participant in the settlement conference may be compelled to disclose in writing or otherwise, or to testify in any proceeding, as to information disclosed or representations made during the settlement process, except as required by law.

For questions related to the settlement conference, counsel may contact Magistrate Judge Well's Chambers at (801) 524-6422.

**IV. OTHER ORDERS**

1. IT IS ORDERED that, as detailed above, the parties must appear at the December 13, 2012 settlement conference.

2. IT IS FURTHER ORDERED that Burton's motion to compel Mr. O'Neil's deposition is GRANTED.   (Docket No. 32.)

3. If the settlement conference proves unsuccessful, Mr. O'Neil is ORDERED to appear in-person for a deposition at the office of Ray Quinney & Nebeker in Salt Lake City, Utah, on December 14, 2012, at 8:30 a.m.

4. IT IS FURTHER ORDERED that Burton's request for sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A) and 37(d)(1)(A) is DENIED. (Docket No. 32.) In lieu of sanctions, Mr. O'Neil is ORDERED to pay Burton's reasonable attorney's fees, costs, and the expenses incurred due to Mr. O'Neil's failure to appear at his July 11, 2012 deposition, and incurred by Burton in filing its motion to compel. These fees are set forth in Burton's memorandum of costs, which will be filed with the Court at a later date.

DATED this 14 November 2012.

                                          Dustin B. Pead
                                          United States Magistrate Judge