IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KEVIN O'NEIL,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE BURTON GROUP,<br><br>　　　　Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:09-CV-862-DBP<br><br>Magistrate Judge Dustin B. Pead |

## I.　　INTRODUCTION

This employment discrimination matter is before the Court pursuant to 28 U.S.C. § 636(c). Plaintiff is Kevin O'Neil ("O'Neil"). Defendant is the Burton Group ("Burton"). Before the Court are the following: (1) Burton's memorandum of costs related to its previous motion to compel; and (2) Burton's motion for sanctions, and to find O'Neil in contempt of court. For the reasons below, the Court **GRANTS** Burton's memorandum of costs. (Docket No. 45.) The Court **GRANTS** in part and **DENIES** in part Burton's motion for sanctions and for a contempt finding. (Docket No. 53.)

## II.　　PROCEDURAL HISTORY

On September 24, 2009, O'Neil, who resides in California, filed a complaint against Burton in the Federal District Court of Utah. (Docket No. 2.) On May 29, 2012, Burton noticed O'Neil's deposition. (Docket No. 34-1.) On July 11, 2012, O'Neil failed to appear at his scheduled deposition in Salt Lake City, Utah. (Docket No. 34 at 3.)

On August 23, 2012, Burton filed a motion to compel O'Neil's deposition, and for sanctions. (Docket No. 32.)  On November 13, 2012, the Court heard oral argument on the motion. (Docket No. 43.)  At the hearing, counsel for both parties agreed to participate in a settlement conference.  (Id.)

Accordingly, on November 14, 2012, the Court ordered the parties to appear at a settlement conference at the Federal District Court in Salt Lake City, Utah on December 13, 2012.  (Docket No. 44 at 4-7.)  If the settlement conference proved unsuccessful, the Court granted Burton's motion to compel, and ordered O'Neil to appear for his deposition in Salt Lake City, Utah on December 14, 2012.  (Id. at 7.)  The Court denied Burton's request for sanctions, but warned "if Mr. O'Neil continues to fail to cooperate, the Court will entertain another motion for sanctions, including the dismissal of Mr. O'Neil's case pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v)."  (Id. at 4.)

On November 30, 2012, O'Neil emailed the Court.  (Docket No. 46, Ex. A.) He requested the Court excuse his attendance from the settlement conference because he lacked funds to travel to Utah.  (Id.)  The Court instructed O'Neil to direct his request to Magistrate Judge Brooke C. Wells, the magistrate judge tasked with supervising the settlement conference.  (Docket No. 46 at 1.)  The Court reiterated its previous order "wherein it warned [O'Neil] his failure to comply with court orders might result in dismissal of his case."  (Id. at 2.)

On December 11, 2012, O'Neil filed a motion to continue the settlement conference. (Docket No. 47.)  Magistrate Judge Wells denied the motion, and "once again warned [O'Neil] that failing to comply with the Court's orders will likely result in sanctions including possible dismissal of this action."  (Docket No. 48 at 2.)

In her December 19, 2012 report concerning settlement, Magistrate Judge Wells remarked that O'Neil failed to appear at his settlement conference and deposition, "[c]ontrary to the court's prior orders and notwithstanding the court's warnings that a failure to appear . . . may result in sanctions – including the possible dismissal of his case . . . ." (Docket No. 52 at 1.)

### III.     MEMORANDUM OF COSTS

Absent certain circumstances not present here, when a court grants a party's motion to compel discovery, it must require the party whose conduct necessitated the motion to pay the prevailing party's "reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

When the Court granted Burton's motion to compel O'Neil's deposition (Docket No. 32), it ordered O'Neil to pay Burton's reasonable expenses incurred in filing its motion. (Docket No. 44 at 7.) Pursuant to this order, on November 14, 2012, Burton filed a memorandum of costs. (Docket No. 45.) Burton seeks $2,680.50 in expenses. (Id. at 2.) To date, O'Neil has not responded to Burton's memorandum of costs. Pursuant to Fed. R. Civ. P. 37(a)(5)(A), and O'Neil's lack of response, this Court **GRANTS** Burton's memorandum of costs. (Docket No. 45.)

### IV.     MOTION FOR SANCTIONS & CONTEMPT

Burton moves for sanctions against O'Neil for his disregard of this Court's November 14, 2012 order. (Docket No. 53.) Specifically, Burton asks the Court to dismiss O'Neil's case with prejudice because he failed to appear at his court-ordered settlement conference on December 13, 2012, and his court-ordered deposition on December 14, 2012. (Id.) Burton also requests the Court hold O'Neil in contempt. (Id.) To date, O'Neil has failed to respond to Burton's motion.

A.  **Sanctions**

If a party fails to obey a discovery order, including an order granting a motion to compel, the court "may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A).  Such orders "may include . . . dismissing the action or proceeding in whole or in part." Id. 37(b)(2)(A)(v).  Similarly, a court "may, on motion, order sanctions if" a party fails to appear for a properly noticed deposition. Id. 37(d)(1)(A)(i).  Such sanctions "may include" dismissal. Id. 37(d)(3) ("Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).").

Before dismissing a case as a sanction, a court should consider the following factors: (1) "the degree of actual prejudice to the defendant"; (2) "the amount of interference with the judicial process"; (3) "the culpability of the litigant"; (4) "whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance"; and (5) "the efficacy of lesser sanctions." Ehrenhaus v. Reynolds, 965 F.2d 916, 920-21 (10th Cir. 1992).  "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." Id. at 921.

As to the first factor, O'Neil's refusal to attend the court-ordered settlement conference and deposition prejudiced Burton's attempt to resolve this three-year-old action.  O'Neil's failure to appear at his depositions deprived Burton of discovery to defend itself. See Encon Intern, Inc. v. Garrahan, No. 11-2137-KGS, 2012 WL 3890337, at *2 (D. Kan. Sept. 7, 2012).  Burton also undoubtedly spent time and resources to prepare for a settlement conference at which neither O'Neil, nor an attorney with settlement authority, appeared.  (Docket No. 52 at 1.)

Regarding interference with judicial process, when O'Neil failed to comply with this Court's order requiring his attendance at the settlement conference and deposition, he "flouted the court's authority." Ehrenhaus, 965 F.2d at 921.  His actions also delayed judicial proceedings.  The

Court expended time facilitating the settlement conference, as well as ruling on motions related to O'Neil's failures to appear.

Concerning the third culpability factor, while the Court sympathizes with O'Neil's financial difficulties, they do not excuse his failure to abide by court orders. This is especially so because, under the fourth factor, the Court repeatedly warned O'Neil that his noncompliance could result in dismissal of his case. (Docket Nos. 44 at 4; 46 at 2; 48 at 2; 52 at 1.)

As to the fifth factor, the Court previously imposed lesser, monetary sanctions. It ordered O'Neil to pay Burton's reasonable expenses related to its motion to compel. (Docket No. 44 at 7.) Given this, and O'Neil's repeated failures to heed court orders, this Court does not believe lesser sanctions will be effective.

Because the factors analyzed above weigh in favor of sanctioning O'Neil, the Court **GRANTS** Burton's motion for sanctions. (Docket No. 53.) Accordingly, the Court dismisses O'Neil's complaint with prejudice.

**B. Contempt**

If a party fails to obey a discovery order unrelated to physical or mental examinations, the court "may" treat this failure as contempt of court. Fed. R. Civ. P. 37(b)(2)(A)(vii). Similarly, if a party fails to appear at a court-ordered deposition, "the failure may be treated as contempt of court." Id. 37(b)(1).

Given O'Neil's repeated failures to appear for his deposition, the Court understands Burton's reasons for seeking a contempt finding. However, the Court believes dismissing O'Neil's complaint with prejudice is a sufficient sanction. As such, the Court **DENIES** Burton's request for a contempt finding. (Docket No. 53.)

## V.     ORDERS

For the reasons set forth above:

**IT IS ORDERED** that Burton's memorandum of costs related to its motion to compel (Docket No. 32) is **GRANTED** in the amount of $2,680.50.  (Docket No. 45.)

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) and 37(d)(3), Burton's motion for sanctions is **GRANTED**.  (Docket No. 53.)  Accordingly, O'Neil's complaint is dismissed with prejudice.

**IT IS FURTHER ORDERED** that Burton's motion to find O'Neil in contempt of court is **DENIED**.  (Docket No. 53.)

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 37(d)(1)(A)(i) and 37(d)(3), Burton's request for costs incurred because of O'Neil's failure to attend his December 14, 2012 deposition is **GRANTED**.  (Docket No. 53.)  On or before February 19, 2013, Burton shall submit a memorandum of costs to the Court.  On or before March 5, 2013, O'Neil may respond to that memorandum.  After receiving these submissions, the Court will determine an appropriate dollar amount, and enter the order against O'Neil.

Dated this 5th day of February, 2013.

Dustin B. Pead
United States Magistrate Judge