IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KEVIN O'NEIL,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE BURTON GROUP,<br><br>　　　Defendant. | MEMORANDUM DECISION<br><br>Case No. 2:09-cv-00862-DBP<br><br>Magistrate Judge Dustin B. Pead |

## I.　　INTRODUCTION

This employment discrimination matter is before the Court pursuant to 28 U.S.C. § 636(c). (Docket No. 12.)  Plaintiff is Kevin O'Neil ("O'Neil").  Defendant is the Burton Group ("Burton").  On February 5, 2013, this Court dismissed O'Neil's complaint with prejudice as a sanction for failing to appear at a court ordered settlement conference and deposition.  (Dkt. No. 54.)  O'Neil appealed this dismissal to the Tenth Circuit Court of Appeals.  (Dkt. Nos. 62-63.)

The Court now considers O'Neil's motion to supplement the record (Dkt. No. 69) with the following documents: (1) O'Neil's 2006 retaliation complaint before the California Labor Commissioner (Dkt. No. 69-1); (2) O'Neil's 2007 written statement before the Utah Labor Commission (Dkt. No. 69-2); and (3) an excerpt from O'Neil's 2008 deposition which occurred during his administrative proceedings before the Utah Labor Commission (Dkt. No. 69-3).  For the reasons below, the Court **DENIES** the motion.

II.     **PROCEDURAL HISTORY**

On September 24, 2009, O'Neil, who resides in California, filed an employment

discrimination complaint against Burton in the Federal District Court of Utah.  (Dkt. No. 2.)

Two years later, on May 29, 2012, Burton noticed O'Neil's deposition *within the context of this*

*federal complaint*.  (Dkt. No. 34-1, Ex. B.)  Neither O'Neil, nor his counsel, David Holdsworth,

filed a motion for a protective order, or any other request, to prevent the deposition.  Rather, on

July 11, 2012, O'Neil simply failed to appear at his scheduled deposition in Salt Lake City, Utah.

(Dkt. No. 34 at 3.)

On August 23, 2012, Burton filed a motion to compel O'Neil's deposition, and for sanctions.

(Dkt. No. 32.)  Neither O'Neil, nor Holdsworth, filed an opposition to this motion to compel.  On

November 13, 2012, the Court heard oral argument on the motion.  (Dkt. No. 43.)  At the

hearing, Holdsworth never mentioned the information O'Neil now seeks to supplement into the

record.  Instead, counsel for both parties agreed to participate in a settlement conference.  (Dkt.

No. 65.)

Accordingly, on November 14, 2012, the Court ordered the parties to appear at a settlement

conference in Salt Lake City, Utah.  (Dkt. No. 44 at 4-7.)  If the settlement conference proved

unsuccessful, the Court granted Burton's motion to compel, and ordered O'Neil to appear for his

deposition in Salt Lake City, Utah.  (*Id.* at 7.)

O'Neil failed to appear at both his court ordered settlement conference, and deposition.  (Dkt.

Nos. 52-53.)  As such, Burton moved for sanctions.  (Dkt. No. 53.)  Specifically, Burton moved

to dismiss O'Neil's complaint with prejudice.  (*Id.*)  Neither O'Neil nor his counsel filed an

opposition to this motion.  Accordingly, on February 5, 2013, this Court dismissed O'Neil's

complaint under Fed. R. Civ. P. 37(b)(2)(A)(v) and 37(d)(3).  (Dkt. No. 54.)

### III.     O'NEIL'S MOTION TO SUPPLEMENT UNDER FED. R. APP. P. 10(e)(2)

Fed. R. App. P. 10(e)(2) states "[i]f anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded" by the district court.

Citing this rule, O'Neil moves this Court to supplement the record with the aforementioned documents.  The documents allegedly show O'Neil originally filed an employment discrimination claim in California, but was "compelled" to subsequently file it in Utah.  (Dkt. No. 69 at 2.)  The documents also show Burton previously deposed O'Neil within the context of his administrative proceedings before Utah's Labor Commission.  (*Id.*)

O'Neil argues these documents are material because, by ignoring them, the Court found O'Neil's subsequent failure to attend the Court ordered settlement conference and deposition "culpable" under *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), and dismissed his complaint.  (*Id.*)

Burton opposes O'Neil's motion because O'Neil failed to previously present any of the proffered documents to the Court.  (Dkt. No. 70 at 2-3.)  The Court agrees with Burton's position.  This matter was pending before the Court for more than three years.  During that time, O'Neil– both in his personal capacity, and through his counsel - never presented the Court with the three documents he now wants to add to the record.

For this reason, the Court **DENIES** O'Neil's motion.  (Dkt. No. 69.)  *See Shooting Star Ranch, LLC v. United States*, 230 F.3d 1176, 1177 n.2 (10th Cir. 2000) (finding Rule 10(e) "does not grant a license to build a new record.") (quotation omitted); *United States v. Kennedy*, 225 F.3d 1187, 1191 (10th Cir. 2000) (quotation omitted) (holding Rule 10(e) "authorizes the modification of the record only to the extent it is necessary to truly disclose what occurred in the

district court," and refusing to consider an affidavit never presented to the district court); *Allen v. Minnstar, Inc.*, 8 F.3d 1470, 1474-75 (10th Cir.1993) (affirming district court's refusal to supplement record with a party's statements about its deposition because the deposition itself was never submitted to the district court).

### IV.     O'NEIL'S MOTION TO SUPPLEMENT UNDER FED. R. EVID. 201

A court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned."  Fed. R. Evid. 201(b).

O'Neil cites this rule to argue the Court should have taken judicial notice of the fact that: (1) he originally filed a labor discrimination claim in California; and (2) Burton previously deposed him within the context of his administrative employment discrimination proceedings.  (Dkt. No. 69 at 9-10.)

O'Neil asserts that he previously brought these facts "to the Court's attention," and the facts are "not reasonably subject to dispute" by either party.  (*Id.* at 2, 9.)  Specifically, O'Neil states that, on November 30, 2012, he sent the Court an email that indicated he originally filed a labor claim in California. (*Id.* at 5-6.)  Similarly, O'Neil states a letter Burton submitted with its motion to compel alluded to the 2008 administrative deposition.  (*Id.* at 5.)

Burton opposes the motion because O'Neil "has not explained how Rule 201 . . . would allow supplementation of the record under Rule 10(e)(2) with material that was never presented to the District Court, let alone provide[d] any authority for doing so."  (Dkt. No. 70 at 4.)

The Court agrees with Burton's reasoning.  The Court is not in a position to judicially notice facts from sources that O'Neil never before presented to the Court.  Allusions to such sources within informal emails and letters do not suffice.

O'Neil, both personally, and through counsel Holdsworth, never filed the aforementioned documents with the Court.  Despite numerous opportunities, neither O'Neil, nor his counsel, alerted the Court to the importance of the facts contained within the documents.  For instance, neither O'Neil, nor his counsel, sought a protective order against O'Neil's July 2012 deposition based on the fact that Burton previously deposed O'Neil in 2008.  Neither O'Neil, nor his counsel, opposed Burton's motion to compel another deposition when O'Neil failed to show up at his July 2012 deposition.  Moreover, Holdsworth never discussed the California claim, or the 2008 deposition, at the November 13, 2012 hearing on Burton's motion to compel.  Finally, neither O'Neil, nor his counsel, opposed Burton's motion to dismiss O'Neil's complaint.  Given these failures, the Court was not in a position to divine the content of the aforementioned documents, or how the facts in the documents would impact the case.

## V.    ORDERS

For the reasons described above, the Court **DENIES** O'Neil's motion to supplement the record.  (Dkt. No. 69.)

Dated this 15th day of July, 2013.                    It is so ordered:

Dustin B. Pead
United States Magistrate Judge